Ruffin, C. J.
 

 Upon the opening of the case it struck us, that the deed might be supported by the debts mentioned in it, as a consideration ; the securing and paying them being the real motive for making it. But looking-further into the point, it is found not to be so. If there were a proper consideration to raise a use in the intended trustees and under the statute to vest the legal estate in them, then those debts would sustain the deed as against creditors and purchasers, as far as its validity depended upon the
 
 bonafides
 
 and adequacy of the consideration on which it was executed. The same would, no doubt, be true, as making those debts a sufficient consideration to support this deed as a contract and equitable assignment of Alley’s interest in the land, whatever it might be. But as a valuable consideration they are not sufficient to support the deed as a bargain and sale to the trustees. The deed can only operate as a bargain and sale, if at all; since
 
 *459
 
 there is no good consideration of blood to turn it into a covenant to stand seized, nor any to give it any other operation. But as a bargain and sale, it must have a valuable consideration; that is, money or money’s worth. Though not expressed in the deed, such a consideration maybe averred, and if established, it will make the deed good.
 
 Mildmay’s case,
 
 1 Rep. 25. Therefore the evidence was properly admitted here ; but unfortunately it carried the consideration no further than the deed itself does, and the case is to be determined on the consideration therein expressed. Now it was held early after the statute of uses, that if one, in consideration that another is bound as surety for him, bargain and sell his land to the latte r and his heirs, it will not operate as a bargain and sale.
 
 Ward
 
 v.
 
 Lambert,
 
 Cro. Eliz. 894. That case was, that one, reciting that A was bound in recognizances and other bonds for him, bargained and sold land to him and his heirs, and it was found, that there was no money paid. Whether that was a good bargain and sale was the question ; and it was held not, because, in the words of Walmslev, Justice, “in every bargain and sale there must be a
 
 quid pro quo,
 
 but here the vendor hath nothing for his land and therefore it is void,” Upon the authority of that case the doctrine is laid down as undoubted law by writers of the highest character.
 
 Shep. Touch, 222, (Preston’s Edition)
 
 Com. Dig.
 
 Bargain and Sale,
 
 B. 11 ; and by no one has it since been questioned. Indeed it is obvious here that neither the bargainees nor any others were out of pocket one cent for this land, at least, for this bargain for it; nor did any one oblige himself to the bar-gainor, to pay to, or for him any sum as the price of it; a pepper corn would have answered ; but as not even that was given or secured, no use could arise to the bargainees upon the contract, on which the statute could operate, and nothing passed to them in law. The price paid by the lessor of the plaintiff to the trustees was given for their estate in tli6 land and not for Alley’s interest and
 
 *460
 
 indeed, he received nothing from either the trustees or the purchaser, in the view of the law for his interest, and therefore it continues in him.
 

 Per.
 
 Curiam.
 
 Judgment reversed and
 
 venire de novo.